No. 15,473.

CARTER *v.* WALKER.

(157 P. [2d] 148)

Decided March 12, 1945.   Rehearing denied April 2, 1945.

Mr. HARRY A. FEDER, for plaintiff in error.

Mr. JOHN T. DUGAN, for defendant in error.

*In Department.*

MR. JUSTICE STONE delivered the opinion of the court.

THIS action originated in justice court on complaint of defendant in error here, for unlawful detainer of a dwelling house. Defendant below answered denying rights of plaintiff to possession and alleging an equitable interest for improvements and repairs made to the property. Plaintiff had judgment for possession.

There is little conflict in the testimony. Plaintiff and defendant were formerly husband and wife and defendant had custody of their four minor children in June 1938 when she was given possession of the house, ap-

parently under order of the juvenile court. The portion of the order appearing in the record provides, "that respondent's payments for the support of said children be reduced to $20.50 per month commencing just as soon as the petitioner moves into the house owned by the respondent * * * that the respondent shall take care of all expenses for maintenance of said property, and that he will not sell the property or further encumber same while petitioner is residing therein."

The defendant incurred expense in repairs and improvements to the house, but there is no evidence that plaintiff agreed to repay her or authorized any expenditure. On the contrary, he objected to it. The record shows no failure on his part in obeying the order of the juvenile court.

On October 9, 1942, after two of the children had been emancipated and while the other two were in school in Texas and the house was being occupied only by defendant and her then husband Carter, the matter was called up by plaintiff for further hearing in the juvenile court. Thereupon the court made further order as to monthly payments, vacated its prior order regarding possession and declared that the "court will not assume jurisdiction as to who shall have house in which the former Mrs. Walker is now living." Then plaintiff elected to terminate the defendant's tenancy on November 11, served demand for rent or possession and on December 2 brought this action.

■ Whatever claim defendant may have had against plaintiff as to alimony or property settlement and whatever claim she may have had as to custody and support of the children were doubtless adjusted in the proper forum; they are not before the court in this action. Plaintiff is the owner of the property. So far as appears from the evidence defendant was in possession after the juvenile court order of October 9, 1942, as a tenant at will and this tenancy was properly terminated. The repairs and improvements made by defendant were volun-

tary and with full knowledge of plaintiff's title. They were not authorized by the juvenile court nor did that court order any of them made by plaintiff. An equitable lien must be based on established equitable principles and no such basis is shown by the evidence in this case.

The judgment is affirmed.

MR. CHIEF JUSTICE BAKKE and MR. JUSTICE JACKSON concur.